IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 24-cv-03171-PAB-SBP

ALEJANDRO GARCIA-TERRAZAS,

    Plaintiff,

v.

STATE FARM FIRE AND CASUALTY COMPANY, an Illinois corporation registered to do business in Colorado,

    Defendant.

---

## ORDER
---

The matter before the Court is Defendant's Motion to Dismiss [Docket No. 19]. The Court has jurisdiction pursuant to 28 U.S.C. § 1332.

### I. BACKGROUND[1]

Plaintiff Alejandro Garcia-Terrazas owns a property located in Aurora, Colorado. Docket No. 9 at 1, ¶ 1.  Mr. Garcia-Terrazas purchased insurance, Policy Number 86EME3143, for the property from defendant State Farm Fire and Casualty Company ("State Farm"). *Id.* at 2, ¶¶ 6-7.  The abrupt and accidental discharge or overflow of water is a covered peril under the policy. *Id.*, ¶ 8.  On May 11, 2024, Mr. Garcia-Terrazas noticed a water discharge or overflow in the kitchen of the property. *Id.*, ¶ 9. The water caused damage to the floors, cabinets, and other items in the property. *Id.* Mr. Garcia-Terrazas's policy with State Farm was in effect on May 11, 2024. *Id.*

---

[1] The following facts are taken from plaintiff's complaint, Docket No. 9, and are presumed true for the purpose of ruling on defendant's motion to dismiss.

Mr. Garcia-Terrazas timely filed a claim with State Farm. *Id.*, ¶ 10. State Farm acknowledged the claim and assigned it the claim number 0668T425P. *Id.* State Farm investigated Mr. Garcia-Terrazas's claim. *Id.*, ¶ 11. However, State Farm refused to pay Mr. Garcia-Terrazas the full value of the claim. *Id.*

Mr. Garcia-Terrazas retained a public adjuster to inspect the damage caused by the discharge of water. *Id.* at 3, ¶ 12. The public adjustor prepared a detailed report and estimate regarding the damage and submitted the report to State Farm. *Id.* Mr. Garcia-Terrazas hired a professional mitigation company to mitigate the damage caused by the water discharge. *Id.*, ¶ 13. The mitigation company provided an invoice, report, and photographs of the damage to State Farm. *Id.* Despite the reports and evidence submitted by the public adjustor and the mitigation company, State Farm refused to reconsider its initial coverage decision. *Id.*, ¶ 14.

State Farm has not acknowledged correspondence from Mr. Garcia-Terrazas's attorney regarding his claim. *Id.*, ¶ 15. Specifically, State Farm did not respond to counsel's request for a certified copy of Mr. Garcia-Terrazas's insurance policy. *Id.* at 2, ¶ 7.

On October 20, 2024, Mr. Garcia-Terrazas filed suit against State Farm in the District Court of Arapahoe County, Colorado. *Id.* at 1. Mr. Garcia-Terrazas's complaint brings three claims for relief: breach of contract, statutory bad faith breach of an insurance contract, and common law bad faith breach of an insurance contract. *Id.* at 3-6, ¶¶ 19-38. On November 14, 2024, State Farm removed this action to federal court. Docket No. 1. On November 29, 2024, State Farm moved to dismiss Mr. Garcia-

Terrazas's claims.  Docket No. 19.  Mr. Garcia-Terrazas responded on December 20, 2024, Docket No. 26, and State Farm replied on January 3, 2025.  Docket No. 28.

## II.  LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint must allege enough factual matter that, taken as true, makes the plaintiff's "claim to relief . . . plausible on its face."  *Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "The 'plausibility' standard requires that relief must plausibly follow from the facts alleged, not that the facts themselves be plausible."  *RE/MAX, LLC v. Quicken Loans Inc.*, 295 F. Supp. 3d 1163, 1168 (D. Colo. 2018) (citing *Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008)).  Generally, "[s]pecific facts are not necessary; the statement need only 'give the defendant fair notice of what the claim is and the grounds upon which it rests.'"  *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Twombly*, 550 U.S. at 555) (alterations omitted).  A court, however, does not need to accept conclusory allegations.  *See, e.g.*, *Hackford v. Babbit*, 14 F.3d 1457, 1465 (10th Cir. 1994) ("we are not bound by conclusory allegations, unwarranted inferences, or legal conclusions").

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief."  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quotations and alterations omitted); *see also Khalik*, 671 F.3d at 1190 ("A plaintiff must nudge [his] claims across the line from conceivable to plausible in order to survive a motion to dismiss." (quoting *Twombly*, 550 U.S. at 570)).  If a complaint's allegations are "so general that they encompass a wide swath of conduct, much of it innocent," then

3

plaintiff has not stated a plausible claim. *Khalik*, 671 F.3d at 1191 (quotations omitted). Thus, even though modern rules of pleading are somewhat forgiving, "a complaint still must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Bryson*, 534 F.3d at 1286 (alterations omitted).

### III.  ANALYSIS

#### A.  Breach of Contract

To adequately plead a breach of contract claim under Colorado law,[2] a plaintiff must allege facts that show "(1) the existence of a contract, (2) the plaintiff's performance of the contract or justification for nonperformance, (3) the defendant's failure to perform the contract, and (4) the plaintiff's damages as a result of the defendant's failure to perform the contract." *Univ. of Denver v. Doe*, 547 P.3d 1129, 1139 (Colo. 2024). State Farm contends that Mr. Garcia-Terrazas has not plausibly alleged the second and third elements of his breach of contract claim. Docket No. 19 at 9.

State Farm argues that Mr. Garcia-Terrazas has failed to plausibly allege that he performed under the contract. *Id.* at 12. Specifically, State Farm maintains that Mr. Garcia-Terrazas's allegation that he "paid premiums and otherwise performed all conditions precedent to recover benefits under the insurance contract" is conclusory. *Id.*; Docket No. 9 at 4, ¶ 20. Because the allegation is conclusory, State Farm maintains

---

[2] The parties assume that Colorado law applies. *See, e.g.*, Docket No. 19 at 3; Docket No. 26 at 4. Accordingly, the Court will apply Colorado law. *Grynberg v. Total S.A.*, 538 F.3d 1336, 1346 (10th Cir. 2008) ("Because the parties' arguments assume that Colorado law applies, we will proceed under the same assumption.").

4

that the complaint includes no allegations demonstrating that Mr. Garcia-Terrazas performed under the contract. Docket No. 19 at 12.

The "complaint must provide 'more than labels and conclusions' or merely 'a formulaic recitation of the elements of a cause of action,' so that 'courts are not bound to accept as true a legal conclusion couched as a factual allegation." *VDARE Found. v. City of Colo. Springs*, 449 F. Supp. 3d 1032, 1040 (D. Colo. 2020), *aff'd*, 11 F.4th 1151 (10th Cir. 2021) (quoting *Twombly*, 550 U.S. at 555 (internal quotations omitted)). "An allegation is [also] conclusory if it states an inference without underlying facts or if it lacks any factual enhancement." *Frey v. Town of Jackson*, 41 F.4th 1223, 1233 (10th Cir. 2022) (citing *Brooks v. Mentor Worldwide LLC*, 985 F.3d 1272, 1281 (10th Cir. 2021)). The Court agrees that Mr. Garcia-Terrazas's allegation that he "otherwise performed all conditions precedent to recover benefits under the insurance contract" is conclusory. Docket No. 9 at 4, ¶ 20. The allegation appears to raise the double inference that there were conditions to recover benefits under the contract beyond paying premiums and that Mr. Garcia-Terrazas met those conditions. *Id.* However, the complaint contains no allegations regarding what the conditions were or how Mr. Garcia-Terrazas satisfied them. Nevertheless, the Court will not make inferences against the complaint and assume there were conditions to recovery that Mr. Garcia-Terrazas has not satisfied. *See Brown v. JBS USA Food Co.*, 773 F. Supp. 3d 1193, 1219–20 (D. Colo. 2025) (courts will not "draw inferences against the Complaint" (quoting *Berryman v. Niceta*, No. 23-cv-00285-CNS-NRN, 2023 WL 4847583, at *4 n.4 (D. Colo. July 28, 2023)). Instead, the Court will consider only the well-pled allegations of the complaint. *See id.* at 1220 (although a "court considering a motion to dismiss

5

may begin by identifying allegations that, because they are mere conclusions, are not entitled to the assumption of truth . . . , when there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." (quoting *Iqbal*, 556 U.S. at 664) (internal quotations and alterations omitted)).

Mr. Garcia-Terrazas's allegation that he paid the premiums necessary for coverage under the policy is not conclusory. *Id.* The allegation that Mr. Garcia-Terrazas paid premiums is not a legal conclusion and does not rest on an inference raised by facts not alleged in the complaint. Therefore, the allegation is well pled. Moreover, the Court finds that Mr. Garcia-Terrazas's allegations are sufficient to plausibly allege the second element of his breach of contract claim. "The degree of specificity needed to establish plausibility and provide fair notice depends on the context and the type of case." *Frey*, 41 F.4th at 1233. The basic elements of an insurance agreement are not complex; "[t]he payment of the premium by the insured and the assumption of a specified risk by the insurer are the essential elements of the contract of insurance." *In re Texas Ass'n of Sch. Boards, Inc.*, 169 S.W.3d 653, 658 (Tex. 2005) (quoting 5 Couch on Ins. § 69:2). Mr. Garcia-Terrazas's allegations that he purchased insurance from State Farm to cover his Aurora property, that the policy was "in full force and effect" on the date that he discovered the water damage to the property, and that he paid premiums on the policy are sufficient to plausibly allege that Mr. Garcia-Terrazas performed under the contract.[3]  Docket No. 9 at 2, 4-5, ¶¶ 7, 9, 20, 33.

---

[3] State Farm appears to argue that Mr. Garcia-Terrazas does not plausibly allege that he complied with policy provisions regarding the insured's duty to provide reasonable requested documentation and support for claimed damages. Docket No. 19

6

State Farm argues that Mr. Garcia-Terrazas has not plausibly alleged that State Farm failed to perform under the contract. Docket No. 19 at 10. It claims that Mr. Garcia-Terrazas "has pled no factual allegations demonstrating that the benefits sought by Plaintiff were covered by the Policy." *Id.* State Farm argues that Mr. Garcia-Terrazas was required to identify the specific policy provision State Farm violated. *Id.*

The Court finds that Mr. Garcia-Terrazas's complaint identifies the provisions of the contract that State Farm allegedly breached. The complaint alleges that Mr. Garcia-Terrazas's policy covers "losses due to, among other things, damages to the subject Property caused by the abrupt and accidental discharge or overflow of water." Docket No. 9 at 2, ¶ 8. Furthermore, the complaint alleges that Mr. Garcia-Terrazas's kitchen was damaged by an abrupt and accidental discharge or overflow of water. *Id.*, ¶ 9. These allegations provide enough specificity to be both plausible and to provide State Farm with adequate notice under Federal Rule of Civil Procedure 8 to identify the basis of Mr. Garcia-Terrazas's contract claim. *Roger v. United States Env't Prot. Agency*, 2015 WL 13808659, at *2 (D. Wyo. Sept. 14, 2015) ("The purpose of Rule 8 is to ensure

---

at 10. State Farm provides no support for the proposition that Mr. Garcia-Terrazas must specifically allege that he complied with requests by State Farm to produce documentation his claim. State Farm's argument regarding requests for documents concerns a policy exclusion. For the reasons discussed below, the Court finds that Mr. Garcia-Terrazas is not required to plead facts that anticipate State Farm's affirmative defense. *See Anderson Living Tr. v. WPX Energy Prod., LLC*, 2015 WL 3543011, at *38 (D.N.M. May 26, 2015) ("The plaintiff need not, however, plead around the defendant's affirmative defenses, nor is the plaintiff obliged to plead facts that enable the Court to adjudicate affirmative defenses at the motion-to-dismiss stage."). Even if the Court were to assume that such allegations are required to state a claim, Mr. Garcia-Terrazas's allegations that he submitted reports, invoices, and photographs from a public adjuster and a mitigation company are sufficient to raise a plausible inference that Mr. Garcia-Terrazas complied with his obligation to support his claim for benefits. *See* Docket No. 9 at 3, ¶¶ 12-13.

that the defendant in a civil case be provided fair and adequate notice of plaintiff's claims, and Rule 8 requires 'only enough facts to state a claim to relief that is plausible on its face.'" (quoting *Twombly*, 550 U.S. at 570)).

State Farm maintains that the policy

> contains numerous defined coverages, limiting terms, exclusions, conditions, and loss settlement provisions affecting coverage and payment of benefits. This includes potentially relevant terms, exclusions, and conditions such as: the payment of a deductible; the exclusion of losses caused by water leaking from plumbing systems; [ ] the insureds duty to provide reasonably requested documentation and support for claimed damages; and other loss settlement provisions which dictate how and when amounts are paid for a loss.

Docket No. 19 at 10-11.[4]  State Farm asserts that the "mere fact that some amount or claimed damage was not paid (or not yet paid) does not plausibly state a claim for

---

[4] State Farm attaches a copy of Mr. Garcia-Terrazas's policy to its motion to dismiss.  Docket No. 19-2.  Generally, a court should not consider evidence beyond the pleadings when ruling on a 12(b)(6) motion, *Waller v. City & Cnty. of Denver*, 932 F.3d 1277, 1282 (10th Cir. 2019), and if the court considers matters outside the complaint, "the motion must be treated as one for summary judgment under Rule 56."  Fed. R. Civ. P. 12(d).  However, the Tenth Circuit has recognized a "limited exception" to this rule: the "district court may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity."  *Waller*, 932 F.3d at 1282 (citation omitted).  State Farm maintains that the Court can consider the contents of the policy without converting its motion to a motion for summary judgment because the policy is referenced in Mr. Garcia-Terrazas's complaint and is central to his claims.  Docket No. 19 at 11.  However, State Farm does not direct the Court to any specific provision of the policy.  *See id.*  Instead, State Farm suggests that the policy may include relevant policy provisions that provide a legal defense to Mr. Garcia-Terrazas's claims.  *Id.*  State Farm's general reference to the policy is insufficient to raise an issue that would require the Court to consider the contents of the policy.  *United States v. Wooten*, 377 F.3d 1134, 1145 (10th Cir. 2004) ("The court will not consider . . . issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation.").  Moreover, for the reasons discussed below, the Court finds that State Farm's argument regarding its affirmative defenses fails to demonstrate that Mr. Garcia-Terrazas's breach of contract claim is not plausible.

breach of contract because the contract itself contains provisions that provide numerous, legal bases for State Farm to deny or withhold payment." *Id.* at 11.

"Orders under Rule 12(b)(6) are not appropriate responses to the invocation of defenses, for plaintiffs need not anticipate and attempt to plead around all potential defenses." *Xechem, Inc. v. Bristol-Myers Squibb Co.*, 372 F.3d 899, 901 (7th Cir. 2004); *Ballard v. Ameren Illinois Co.*, 2025 WL 1024396, at *2 (C.D. Ill. Jan. 7, 2025), ("A plaintiff is not required to anticipate defenses or plead extensive facts or legal theories but must plead enough facts to present a story that holds together."); *Fernandez v. Clean House, LLC*, 883 F.3d 1296, 1298–99 (10th Cir. 2018) ("At the pleading stage of litigation it is not the plaintiff, but the defendant, who must raise the issue" of defenses to the plaintiff's claims). "Federal courts treat insurer claims of policy exclusions as affirmative defenses." *Sher v. Amica Mut. Ins. Co.*, 722 F. Supp. 3d 1176, 1188 (D. Colo. 2024) (quoting *Fought v. UNUM Life Ins. Co. Of Am.*, 379 F.3d 997, 1007 (10th Cir. 2004) (per curiam), *abrogated in part on other grounds by Metro. Life Ins. Co. v. Glenn*, 554 U.S. 105, 116 (2008)); *Ferndale Dev. Co., Inc. v. Great Am. Ins. Co.*, 517 P.2d 480, 481 (Colo. App. 1973), *rev'd on other grounds*, 185 Colo. 252 (1974) ("an exclusion in an insurance policy is an affirmative defense which must be pled and proven"); *TRAVCO Ins. Co. v. Ward*, 715 F. Supp. 2d 699, 706 (E.D. Va. 2010), *aff'd,* 504 F. App'x 251 (4th Cir. 2013) (applying Virginia law) ("courts place the burden on the policyholder to bring himself within the policy. After the policyholder establishes a *prima facie* case, the burden shifts to the defendant insurance company to prove its affirmative defense. Policy exclusions are an affirmative defense." (internal citations, quotations, and alterations omitted)). In the "Tenth Circuit, the law is clear that

9

a plaintiff is not required to plead facts that overcome an affirmative defense in order to avoid Rule 12(b)(6) dismissal." *Severine v. Anthem Blue Cross Life & Health Ins. Co.*, No. 19-cv-03301-RM-MEH, 2020 WL 1529187, at *2 (D. Colo. Mar. 31, 2020) (collecting cases). State Farm's argument that there may be relevant policy exclusions that provide a legal defense to Mr. Garcia-Terrazas's claim for insurance benefits is premature. It is not Mr. Garcia-Terrazas's responsibility to identify every possible policy exclusion and then plead facts sufficient to demonstrate that the exclusion is inapplicable to Mr. Garcia-Terrazas's claim. Instead, Mr. Garcia-Terrazas must allege enough factual matter that, taken as true, makes his claim for breach of contract plausible on its face. *Khalik*, 671 F.3d at 1190. Therefore, the Court rejects State Farm's argument that Mr. Garcia-Terrazas was required to include additional allegations regarding unidentified policy provisions that could provide State Farm a legal defense to his claim.[5]

The Court finds that Mr. Garcia-Terrazas has plausibly alleged the third element of his breach of contract claim. Mr. Garcia-Terrazas alleges that he had a policy with State Farm that included "covering losses due to" an abrupt and accidental discharge or overflow of water. Docket No. 9 at 2, ¶ 8. Mr. Garcia-Terrazas claims that he

---

[5] State Farm cites *Warne v. Hall*, 373 P.3d 588, 596 (Colo. 2016), for the proposition that a complaint does not plausibly allege a tort claim if the complaint includes allegations that are "equally consistent with non-tortious conduct." Docket No. 19 at 11. *Warne* is inapplicable to Mr. Garcia-Terrazas's breach of contract claim because a breach of contract claim is distinct from a tort claim. *Dream Finders Homes LLC v. Weyerhaeuser NR Co.*, 506 P.3d 108, 114 (Colo. App. 2021) ("torts and contracts as fundamentally distinct areas of the law"). Moreover, considering only the allegations in the complaint, Mr. Garcia-Terrazas's assertion that he filed a claim for water damage that was denied, despite such damage being a covered loss, is not equally consistent with innocent conduct.

discovered damage to his property caused by an abrupt and accidental discharge of water in his kitchen, that he filed a claim with State Farm, and that he submitted documentation to State Farm from a public adjuster and his mitigation company that supports his claim. *Id.* at 2-3, ¶¶ 9-13. He further alleges that State Farm "has refused, and continues to refuse, to cover the Claim" and has refused to "render full payment to Plaintiff for the Claim." *Id.* at 2-3, ¶¶ 11, 14. Thus, Mr. Garcia-Terrazas alleges that, through the insurance contract, State Farm assumed the specific risk of covering losses caused by an abrupt and accidental discharge of water and that State Farm has refused to cover the damage caused by the discharge of water in Mr. Garcia-Terrazas's kitchen. *See* 5 Couch on Ins. § 69:2 (insurance contracts require "the assumption of a specified risk by the insurer"). These allegations are sufficient to plausibly allege that State Farm breached its duty to cover Mr. Garcia-Terrazas's claim for insurance benefits. Therefore, the Court will deny State Farm's motion to dismiss to the extent that it seeks to dismiss Mr. Garcia-Terrazas's breach of contract claim.

### B. Bad Faith Claims

#### 1. Statutory Bad Faith

Section 10-3-1115 of the Colorado Revised Statutes provides that "[a] person engaged in the business of insurance shall not unreasonably delay or deny payment of a claim for benefits owed to or on behalf of any first-party claimant." Colo. Rev. Stat. § 10-3-1115(1)(a). To plausibly state a claim for statutory bad faith, a plaintiff must plausibly allege that: (1) benefits were owed under the policy; and (2) the defendant unreasonably delayed or denied payment of plaintiff's claim. *See* Colo. Rev. Stat. § 10-3-1115; *Edge Construction, LLC v. Owners Ins. Co.*, No. 14-cv-00912-MJW, 2015 WL 4035567, at *6 (D. Colo. June 29, 2015).

11

The "reasonableness of the insurer's conduct must be determined objectively, based on proof of industry standards." *TBL Collectibles, Inc. v. Owners Ins. Co.*, 285 F. Supp. 3d 1170, 1203 (D. Colo. 2018) (quoting *Goodson v. Am. Standard Ins. Co. of Wis.*, 89 P.3d 409, 415 (Colo. 2004)); *Fisher v. State Farm Mut. Auto. Ins. Co.*, 419 P.3d 985, 994 (Colo. App. 2015), *aff'd*, 418 P.3d 501 (Colo. 2018). Furthermore, "[a]n insurer's decision to deny benefits to its insured must be evaluated based on the information before the insurer at the time of that decision." *Schultz v. GEICO Cas. Co.*, 429 P.3d 844, 848 (Colo. 2018) (quoting *Peiffer v. State Farm Mut. Auto. Ins. Co.*, 940 P.2d 967, 970 (Colo. App. 1996)); *see also Bankr. Estate of Morris v. COPIC Ins. Co.*, 192 P.3d 519, 523 (Colo. App. 2008) ("the question is whether a reasonable insurer under the circumstances would have denied or delayed payment of the claim"). An insurer's denial of a claim does not constitute statutory bad faith if the insurer has a reasonable basis for the denial. *See Wagner v. Am. Fam. Ins. Co.*, 569 F. App'x 574, 580 (10th Cir. 2014) (unpublished); *see also Etherton v. Owners Ins. Co.*, 829 F.3d 1209, 1226 (10th Cir. 2016) ("if a reasonable person would find that the insurer's justification for denying or delaying payment of a claim was 'fairly debatable,' this weighs against a finding that the insurer acted unreasonably" (quoting *Vaccaro v. Am. Fam. Ins. Grp.*, 275 P.3d 750, 759-60 (Colo. App. 2012)). "In Colorado, acting 'without a reasonable basis' has been construed to mean pursuing a groundless position that is not supported by credible evidence." *Cooper v. Shelter Gen. Ins. Co.*, 653 F. Supp. 3d 873, 878 (D. Colo. 2023) (citation omitted).

State Farm argues that Mr. Garcia-Terrazas's claim for statutory bad faith should be dismissed because Mr. Garcia-Terrazas fails to plausibly allege that State Farm

12

acted without a reasonable basis to deny his claim.  Docket No. 19 at 4.  State Farm asserts that the complaint includes no allegations identifying the damage to Mr. Garcia-Terrazas's property or why this damage is covered by the policy.  *Id.*  State Farm contends that the complaint also lacks any specific allegations regarding its investigation into Mr. Garcia-Terrazas's claim or how the investigation was insufficient.  *Id.* at 7.  Lastly, State Farm maintains that the complaint includes no reference to industry standards and does not allege that State Farm violated industry standards in handling Mr. Garcia-Terrazas's claim.  *Id.* at 7-8.

Mr. Garcia-Terrazas responds that he has plausibly alleged that State Farm's "denial of coverage was unreasonable due to improper and inadequate investigation, and its unsubstantiated coverage decision."  Docket No. 26 at 4 (citing Docket No. 9 at 3, ¶ 15 ("Defendant's bad faith conduct in this matter includes, without limitation, its inadequate, unreasonable, and improper investigation of Plaintiff's insurance Claim, its denial of Plaintiff's insurance Claim, and its unsubstantiated coverage decision that forced Plaintiff to pursue litigation to recover the Claim.")).  Mr. Garcia-Terrazas asserts that he is not required to plead specific facts to support his allegation that State Farm's investigation was inadequate because such allegations require further fact discovery.  *Id.*

Although "specific facts" are not necessary, *Erickson*, 551 U.S. at 93, Mr. Garcia-Terrazas must allege "enough factual matter" to make his claims plausible.  *Khalik*, 671 F.3d at 1190.  Mr. Garcia-Terrazas's allegation that "Defendant's bad faith conduct in this matter includes, without limitation, its inadequate, unreasonable, and improper investigation of Plaintiff's insurance Claim, its denial of Plaintiff's insurance Claim, and

13

its unsubstantiated coverage decision that forced Plaintiff to pursue litigation to recover the Claim," Docket No. 9 at 3, ¶ 15, is conclusory and not entitled to an assumption of truth. *Frey*, 41 F.4th at 1233 (conclusory allegations state inferences without underlying facts). The Court finds that Mr. Garcia-Terrazas does not plausibly allege that State Farm undertook an "inadequate, unreasonable, and improper investigation" of his insurance claim. Docket No. 9 at 3, ¶ 15. First, the complaint does not identify what was improper about the investigation. Instead, the complaint alleges that State Farm "investigated the Claim, and despite having received, processed, and investigated the Claim, Defendant has refused, and continues to refuse, to cover the Claim and/or render full payment to Plaintiff for the Claim." *Id.* at 2, ¶ 11. Mr. Garcia-Terrazas's allegation acknowledges that State Farm has investigated his claim, but asserts that State Farm made an incorrect coverage decision. *See id.* The assertion does not plausibly allege that the investigation was inadequate.

Mr. Garcia-Terrazas alleges that, after State Farm denied coverage, he substantiated his claim with a report from a public adjuster, as well as an invoice and photographs from the mitigation company. *Id.* at 3, ¶¶ 12-13. The complaint alleges that, despite this new evidence, State Farm again denied Mr. Garcia-Terrazas's claim. *Id.*, ¶ 14. However, Mr. Garcia-Terrazas's complaint includes no allegations regarding the basis for State Farm's denial of his claim. *See id.* at 2-5. It is impossible for the Court to determine whether Mr. Garcia-Terrazas has plausibly alleged that State Farm acted "without a reasonable basis," *Cooper*, 653 F. Supp. 3d at 878, when the complaint does not include the basis for State Farm's denial. Because the complaint does not allege the basis for State Farm's denial, the fact that Mr. Garcia-Terrazas provided

14

additional information to State Farm after its denial of coverage does not raise a plausible inference that State Farm failed to adequately investigate his claim or that its continued denial of his claim was unreasonable. Furthermore, Mr. Garcia-Terrazas does not require discovery to allege the reasons State Farm gave him for denying his claim.

For the same reasons, Mr. Garcia-Terrazas's allegations that State Farm denied his insurance claim and made an unsubstantiated coverage decision do not plausibly allege that State Farm unreasonably denied his claim. *See* Docket No. 9 at 3, ¶ 15. The mere fact that State Farm denied Mr. Garcia-Terrazas's claim does not support an inference that the denial was unreasonable. *Ayala v. State Farm Mut. Auto. Ins. Co.*, 628 F. Supp. 3d 1075, 1082 (D. Colo. 2022) (denial of a claim does not constitute bad faith if there is a reasonable basis (citing *Wagner*, 569 F. App'x at 580)). Moreover, Mr. Garcia-Terrazas's allegation that State Farm's coverage decision was "unsubstantiated" is conclusory. Docket No. 9 at 3, ¶ 15. The reasonableness of an insured's decision is considered from the perspective of the insurer based on the information it had at the time of the decision. *Schultz*, 429 P.3d at 848. Mr. Garcia-Terrazas's assertion that the coverage decision was unsubstantiated lacks supporting allegations regarding the information available to State Farm or why the information did not support its coverage decision. Docket No. 9 at 2-5. Therefore, Mr. Garcia-Terrazas fails to plausibly allege that State Farm unreasonably denied his claim. As such, Mr. Garcia-Terrazas has not plausibly alleged the second element of his statutory bad faith claim, and the Court will grant that portion of State Farm's motion to dismiss seeking to dismiss Mr. Garcia-Terrazas's second claim.

15

### 2. *Common Law Bad Faith*

Under Colorado common law, an insurer has a duty "to deal in good faith with an insured." *Decker v. Browning-Ferris Indus. of Colo.*, 931 P.2d 436, 443 (Colo. 1997) (citing *Farmers Grp., Inc. v. Trimble*, 691 P.2d 1138, 1141-42 (Colo. 1984)). "The requirements of a common law bad faith claim under Colorado law are heightened in comparison to those of a statutory bad faith claim." *Gardner v. State Farm Mut. Auto. Ins. Co.*, 639 F. Supp. 3d 1158, 1163 (D. Colo. 2022) (citation omitted). "In addition to demonstrating that the insurer delayed or denied the payment of benefits without a reasonable basis, a common law insurance bad faith claim requires the insured to prove that the insurer knowingly or recklessly disregarded the validity of the insured's claim." *Id.* (citation, quotation, and alterations omitted); *Ryals v. Am. Family Ins. Co., S.I.*, No. 20-cv-002736-NYW, 2021 WL 848195, at *6 (D. Colo. Mar. 5, 2021) (elements of a common law bad faith claim include "that (1) the insurer's conduct was unreasonable, and (2) the insurer either had knowledge of or reckless disregard for the fact that its conduct was unreasonable" (citation omitted)).

The Court finds that Mr. Garcia-Terrazas has failed to plausibly allege his common law bad faith claim. For the reasons discussed above, Mr. Garcia-Terrazas has not alleged facts that demonstrate that State Farm's conduct was unreasonable. Because an unreasonable denial of benefits is a common element between Mr. Garcia-Terrazas's statutory and common law bad faith claims, *Gardner*, 639 F. Supp. 3d at 1163 ("Both common law and statutory bad faith claims require a showing of unreasonable conduct" (citation and alterations omitted)), Mr. Garcia-Terrazas has not

16

stated a claim for common law bad faith. Therefore, the Court will grant that portion of State Farm's motion to dismiss seeking to dismiss Mr. Garcia-Terrazas's third claim.

## IV. CONCLUSION

For the foregoing reasons, it is

**ORDERED** that Defendant's Motion to Dismiss [Docket No. 19] is **GRANTED in part** and **DENIED in part**. It is further

**ORDERED** that plaintiff's second and third claims for relief are **DISMISSED without prejudice**.

DATED September 5, 2025.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge